IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Amanda Phillips, ) | |
| ) | Civil Action No. 5:10-1016-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| DolgenCorp LLC, d/b/a Dollar ) | |
| General Stores, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      Plaintiff Amanda Phillips filed the within action on April 23, 2010 against Defendant DolgenCorp LLC, d/b/a Dollar General Stores, her former employer. Plaintiff alleges that she is disabled in that she is legally blind. Plaintiff alleges the following discrimination claims pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*: 1) unlawful termination; 2) failure to reasonably accommodate; 3) hostile work environment; and 4) retaliation.

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On August 17, 2010, Defendant filed a motion to strike paragraphs 106 and 107 from the complaint. Entry 8. On August 31, 2010, Plaintiff responded in opposition to the motion to strike. Entry 12. On September 10, 2010, Defendant replied. Entry 13. On January 25, 2011, the Magistrate Judge granted Defendant's motion to strike. Entry 19. On February 8, 2011, Plaintiff filed objections to the Magistrate Judge's Order. Entry 22. On February 18, 2011, Defendant replied to Plaintiff's objections. Entry 23. On February 25, 2011, Plaintiff filed a surreply. Entry 24.

## FACTS

Paragraphs 106 and 107 of the complaint allege:

**106.**
On February 24, 2009, the EEOC issued its Determination finding that the evidence supported Ms. Phillips' allegations that Dollar General had discriminated against her.

**107.**
Based on the finding of discrimination on Ms. Phillips' charge, the EEOC invited the parties to conciliate. Conciliation failed as stated in an EEOC notice dated June 1, 2009.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 72(a), if a party objects to a magistrate judge's order on a nondispositive matter, the court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[A] finding is 'clearly erroneous' when . . . the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also King v. Marriott Intern., Inc.*, C.A. No. 9:05-1774-PMD-RSC, 2006 WL 2092592, at *3 (D.S.C. July 26, 2006). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *King*, 2006 WL 2092592, at *3 (citing *Tompkins v. R.J. Reynolds Tobacco Corp.*, 92 F. Supp .2d 70, 74 (N.D.N.Y. 2000)). Accordingly, the court may not reverse a decision "simply because it is convinced that it would have decided the matter differently." *Anderson*, 470 U.S. at 573.

The Magistrate Judge granted Defendant's motion to strike, finding that paragraphs 106 and 107 are irrelevant to Plaintiff's case. Report and Recommendation at 2. Plaintiff contends that the Magistrate Judge's order is clearly erroneous and contrary to law because the challenged allegations

2

in the Amended Complaint have a clear relation to the subject matter of the case, are not unfairly prejudicial, and allege potentially admissible evidence. Plaintiff further contends that any danger of unfair prejudice can be adequately addressed by an appropriate jury instruction or motion in limine. Plaintiff also contends that the challenged paragraphs are intended to provide information about the administrative process. Defendant contends that the challenged paragraphs are immaterial to the case because judicial consideration of Plaintiff's discrimination claims is de novo. Defendant further contends that case law striking allegations like those contained in paragraphs 106 and 107 indicates that the Magistrate Judge's order is not clearly erroneous or contrary to law. Defendant also contends that paragraph 107, which contains allegations about conciliation, is irrelevant and inadmissible under Federal Rule of Evidence 408(a)(2).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F. 3d 316, 347 (4th Cir. 2001) (quoting 5A A. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380, 647 (2d ed. 1990)). The court will address paragraphs 106 and 107 separately.

The Magistrate Judge relied on three cases in striking paragraph 106, which contains allegations with regard to the EEOC's administrative determination: 1) *Robinson v. Hospitality Group Management, Inc.*, No. 5:09-CV-35-DCK, 2009 WL 1383295 (W.D.N.C. May 14, 2009); 2) *Chapman v. Duke Energy Carolinas, LLC*, No. 3:09-cv-37RJC, 2009 WL 1652463 (W.D.N.C. June 11, 2009); and 3) *Chancey v. North American Trade Schools, Inc.*, Civil No. WDQ-10-0032, 2010

3

WL 4781306 (D. Md. Nov. 17, 2010). In *Robinson*, the District Court for the Western District of North Carolina granted a motion to strike certain paragraphs in Plaintiff's complaint that contained information about the EEOC's administrative findings as prejudicial, reasoning that the EEOC's findings are nonbinding in a trial de novo on discrimination claims. 2009 WL 1383295, at *1. In *Chapman*, the District Court for the Western District of North Carolina struck from the plaintiff's complaint allegations regarding the EEOC's finding because "plaintiff cannot use the EEOC's finding to compel a finding of discrimination given the Court's de novo review of discrimination claims" and because the inclusion of EEOC determinations is "highly prejudicial and immaterial to Plaintiff's causes of action." 2009 WL 1652463, at *2. In *Chancey*, the District Court for the District of Maryland struck from the complaint allegations regarding the EEOC's administrative findings as immaterial "[b]ecause federal district courts review discrimination claims de novo." 2010 WL 4781306, at *4. In *Chancey*, the district court also stated that "inclusion of these prejudicial findings when [the plaintiff] has demanded a jury trial and admits that a juror might see the complaint may be an attempt to evade the Federal Rules of Evidence." *Id.*

The court does not agree that Plaintiff's allegation that EEOC determined that she had been discriminated against must be stricken from the complaint as irrelevant. In *Chandler v. Roudebush*, 425 U.S. 840 (1976), the Supreme Court found that "[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo." *Id.* at 863 n. 39. In *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006), the Fourth Circuit recognized that although administrative findings cannot be used to compel a finding of discrimination in a trial de novo, such findings are evidence that can be accepted or rejected by the trier of fact in private sector discrimination cases. *Id.* at 420, 421. Because EEOC determinations

4

may be admitted into evidence in some cases, the Magistrate Judge's order striking paragraph 106, which contains allegations of the EEOC's administrative determination, as irrelevant is clearly erroneous. *See also Bradshaw v. Zoological Soc'y of San Diego*, 569 F.2d 1066, 1069 (9th Cir. 1978) (holding that the District Court erred in striking the EEOC Determination of Probable Cause which had been attached to the complaint and citing *Chandler* for the proposition that an EEOC determination can be admissible evidence and therefore should not be stricken from the complaint); *Clark v. Atlanta Univ., Inc.*, 65 F.R.D. 414, 415 (N.D. Ga. 1974) (noting that *Smith v. Universal Servs., Inc.*, 454 F.2d 154 (5th Cir. 1972) "holds that if a proper foundation has been laid, the EEOC's investigation report can properly by admitted into evidence in a Title VII case" and finding that "an allegation of the EEOC's evaluation of the plaintiff's charges can no longer be deemed to be irrelevant and a motion to strike allegations of such an evaluation must henceforth be denied."). Therefore, paragraph 106 should not have been stricken from the complaint as irrelevant.[1] The admissibility of the EEOC's determination at trial may be addressed with an appropriate pre-trial motion.

The Magistrate Judge relied on *Collier v. Boymelgreen Developers*, No. 06 CV 5425(SJ), 2008 WL 835706 (E.D.N.Y. Mar. 28, 2008) in striking paragraph 107. In *Collier*, the District Court for the Eastern District of New York struck from the plaintiff's complaint paragraphs that made reference to efforts at conciliation made by the parties while the plaintiff's claims were being considered by the EEOC. 2008 WL 835706 at *10. The court indicated that these statements were stricken as "immaterial and/or prejudicial" pursuant to Federal Rule of Evidence 408. *Id.* Federal

---

[1] Defendant argues, based on the Magistrate Judge's citation of *Chancey*, that the Magistrate Judge also struck paragraph 106 as prejudicial. However, the Magistrate Judge's order does not clearly indicate a finding of prejudice.

Rule of Evidence 408(a)(2) provides that "conduct or statements made in compromise negotiations regarding the claim" are not admissible when offered to prove liability. *Id.* Paragraph 107 implies fault on the part of Defendant. Evidence in support of paragraph 107 would therefore be inadmissible under Rule 408. In addition, whether or not conciliation efforts took place and failed is irrelevant to Plaintiff's claims. Therefore, paragraph 107 was properly stricken from the complaint.

## CONCLUSION

Based upon the foregoing, Defendant's motion to strike (Entry 8) is granted in part and denied in part. Paragraph 106 is reinstated part of the complaint, and paragraph 107 shall remain stricken from the complaint.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
The Honorable Margaret B. Seymour  
United States District Judge

June 6, 2011  
Columbia, South Carolina